UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


MARC J. DAVID,                          )        Case No. 1:08CV1116
                                        )
          Petitioner,                   )
                                        )
     vs.                                )        JUDGE PETER ECONOMUS
                                        )        (Magistrate Judge McHargh)
RICHARD GANSHEIMER,                     )
          Warden,                       )
                                        )
          Respondent.                   )        REPORT AND
                                        )        RECOMMENDATION
                                        )

McHARGH, Mag.J.

     The petitioner Marc David ("David") has filed a petition for a writ of habeas

corpus arising out of his 2005 convictions and sentencing for drug possession,

trafficking, and other crimes, in the Lake County (Ohio) Court of Common Pleas.

(Doc. 1.)  In his petition, David raises five grounds for relief:

     1.  Petitioner was denied Fifth, Sixth, and Fourteenth Amendments to
     the U.S. Constitution, violating the protection against double jeopardy.

     2.  Petitioner was denied a fair trial in violation of the Equal
     Protection Clause of the Sixth and Fourteenth Amendments of the
     United States Constitution.

     3.  Petitioner was denied conflict free assistance of counsel and
     constructive denial of effective assistance of counsel, in violation of the
     Sixth and Fourteenth Amendments of the United States Constitution.

4. Constructive denial of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

5. Constructive denial of the effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

(Doc. 1, § 12.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

In December 2004, "Tom" called Great Lakes Oxygen and asked about purchasing tanks of anhydrous ammonia. It was later determined that "Tom" was actually Ryan Newsome, David's nephew. In addition to calling Great Lakes Oxygen, Newsome went to Great Lakes Oxygen seeking to buy anhydrous ammonia tanks. Newsome was informed that he would be unable to purchase the tanks on credit. Due to the suspicious nature of the call, workers at Great Lakes Oxygen informed the Lake County Narcotics Agency about the call.

On December 29, 2004, Newsome contacted Great Lakes Oxygen, again using the alias "Tom," and made an additional inquiry about purchasing anhydrous ammonia tanks. Newsome was informed that there were tanks of anhydrous ammonia available for purchase. Members of the Lake County Narcotics Agency participated in the plan to get Newsome to purchase the anhydrous ammonia.

David drove Newsome to Great Lakes Oxygen in his pickup truck. David waited in his truck while Newsome went inside and paid $870, in cash, for two one-hundred-fifty-pound tanks of anhydrous ammonia. Lake County Narcotics Agents, posing undercover as employees of Great Lakes Oxygen, assisted Newsome in loading the tanks into the bed of David's truck. David's truck was stopped by law enforcement officials moments after it left the parking lot of Great Lakes Oxygen.

David and Newsome were both arrested. David had small, plastic, "jeweler" bags and two knives in his pockets. David's vehicle was impounded. During the inventory search, officers found two

2

one-hundred-fifty-pound tanks of anhydrous ammonia in the bed of the truck. In the cab of the truck, the officers discovered a digital scale, which had methamphetamine residue on it. The officers also found two ball valves and two plastic bags, one of which contained methamphetamine residue. In the center console, the officers found two "AA" lithium batteries and a bottle marked pseudoephedrine. Inside the pseudoephedrine bottle, the officers found five jeweler bags, each containing approximately one-half of a gram of methamphetamine. Finally, behind the driver's seat, the officers found a box with a large plastic bag in it. Inside the bag were 132.21 grams of methamphetamine.

At the Painesville Police Station, David waived his Miranda rights. [FN1] In his statement, David denied owning the drugs and tanks found in his truck. However, he admitted to being an everyday user of methamphetamine. He stated he had been previously arrested on methamphetamine charges. He indicated he was to get free methamphetamine for driving Newsome to Great Lakes Oxygen. Also, he stated he had gone to Great Lakes Oxygen with Newsome on a prior occasion to purchase anhydrous ammonia.

> FN1. See Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

David was indicted with five counts. Count one was illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, a third-degree felony. This count also contained a forfeiture specification, pursuant to R.C. 2925.42, charging that David forfeit $870, due to the fact the money was associated with the commission of a felony. Count two was aggravated possession of drugs, in violation of R.C. 2925.11, a second-degree felony. Count three was aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a second-degree felony. Count four was aggravated possession of drugs, in violation of R.C. 2925.11, a fifth-degree felony. Count five was aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a fourth-degree felony.

David pled not guilty to the charges against him, and a jury trial was held. Following the state's case-in-chief, defense counsel moved for acquittal pursuant to Crim.R. 29. The trial court overruled David's motion for acquittal. David testified on his own behalf. Following David's testimony, the defense rested and renewed its Crim.R. 29

3

motion. The trial court again overruled the motion. The jury returned guilty verdicts on all five counts.

The trial court sentenced David to a four-year prison term on count one; a seven-year prison term on count two; a seven-year prison term on count three; an eleven-month prison term on count four; and a seventeen-month prison term on count five. All of these terms were ordered to be served concurrently to each other, resulting in David's aggregate prison term being seven years.

(Doc. 6, RX 13, at 1-4; State v. David, No. 2005-L-109, 2006 WL 2042919, at *1-*2 (Ohio Ct. App. July 21, 2006).)

David filed a timely appeal in the state court of appeals.  (Doc. 6, RX 9.)

David raised the following three assignments of error:

1.  The trial court erred to the prejudice of appellant when it did not grant appellant's Rule 29 motion, as there was insufficient evidence by which to convict appellant.

2.  The jury's finding that appellant was guilty of two counts of aggravated possession of drugs, two counts of aggravated trafficking of drugs, and one count of illegal assembly or possession of chemicals for the manufacture of drugs was against the manifest weight of the evidence.

3.  Appellant was denied a fair trial due to prosecutorial misconduct.

(Doc. 6, RX 11.)  The court of appeals found his arguments to be without merit, and affirmed the judgment of the trial court.  (Doc. 6, RX 13; State v. David, No. 2005-L-109, 2006 WL 2042919 (Ohio Ct. App. July 21, 2006).)  David did not appeal this judgment to the Supreme Court of Ohio.

4

David next filed a delayed motion for reopening pursuant to Ohio App. Rule 26(B), on May 7, 2007.  (Doc. 6, RX 14.)  David attempted to raise four assignments of error:

> 1.  Appellate counsel was ineffective for failing to raise issue of double jeopardy, where the record reveals that appellant received multiple punishments and convictions for a single crime in violation of the Double Jeopardy Clauses of state and federal constitutions;
>
> 2. Appellate counsel was ineffective for failing to raise issue of ineffective assistance of trial counsel in violation of appellant's due process rights provided by the United States Constitution Amendment 6 and 14, and Article I, Section 10 of the Ohio Constitution, where the record reveals that appellant was denied the right to compulsory process;
>
> 3. Appellate counsel was ineffective for failing to raise issue of ineffective assistance of trial counsel, where the record reveals that trial counsel failed to object to the  admission of evidence not relevant to defendant and only served to prejudice defendant;
>
> 4. Appellate counsel was ineffective for failing to inform the court of the inherent conflict  created by his appointment to perfect the direct appeal of appellant, who he also represented at trial, which prejudiced appellant by denying him adjudication of issues which should have been raised on direct appeal, resulting in a restricted appeal in violation of the Equal Protection Clause.

(Doc. 6, RX 14.)

Although the court of appeals ruled that David had failed to demonstrate good cause for his untimely application for reopening, the court considered his arguments on the merits.  (Doc. 6, RX 16, at 1-2.)  The court determined that David had failed to demonstrate a valid claim of ineffective assistance of appellate counsel, and denied his application to reopen.  Id. at 8.  David did not appeal this judgment to the Supreme Court of Ohio.

5

David filed his petition for a writ of habeas corpus in this court on March 15, 2008.  (Doc. 1.)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

David has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  STATUTE OF LIMITATIONS

The respondent contends that the petition should be denied as untimely filed. (Doc. 6, at 14-15.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by

7

the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

David did not seek timely review of his direct appeal by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1), so the limitations period began to run forty-five days after the judgment of the court of appeals was docketed on July 24, 2006.  (Doc. 6, RX 13.)  Thus, the habeas statute began to run on Sept. 8, 2006.

However, David filed his Rule 26(B) application to reopen his appeal on May 7, 2007.  (Doc. 6, RX 14.)  A Rule 26(B) application is considered collateral post-conviction review, Lopez v. Wilson,  426 F.3d 339, 351-352 (6th Cir. 2005) (en banc), cert. denied, 547 U.S. 1099 (2006); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004) (syllabus),  which tolls the limitations period while it is pending, Linscott v. Rose, 436 F.3d 587, 591 (6th Cir. 2006).  The statute had run 241 days. The court of appeals denied his application on June 29, 2007.  (Doc. 6, RX 16.)

Again, David did not seek timely review by the Ohio Supreme Court within 45 days[1], so the limitations period resumed running forty-five days later (on Aug. 14, 2007), and expired on approximately Dec. 16, 2007, after the remaining 124 days had run.  David did not file his habeas petition until March 15, 2008, after the statute of limitations had already expired.  (Doc. 1.)

## A.  Tolling under Section 2244(d)(1)(B)

David argues that the statute of limitations should be tolled.[2]  (Doc. 7, at 26-28.)  He contends that "he was prevented by state court and his court appointed counsel from discovering his constitutional injury within the statutory time to bring the court's attention to such violations."  Id. at 27.  David points out that he presented ineffective assistance of counsel as one of the reasons that his Rule 26(B) application was untimely.  Id. at 3-4.  He argues that the one-year period should begin with the denial of his motion for delayed appeal before the Supreme Court of Ohio.  Id. at 27-28.

---

[1]  David claims, without evidentiary support, that he attempted on Jan. 2, 2008, to file a motion for leave to file a delayed appeal of his denied Rule 26(B) application.  (Doc. 7, at 6.)  As pointed out by the respondent, the Supreme Court of Ohio will not entertain a delayed appeal of a Rule 26(B) application.  Ohio S.Ct.Prac.R. II, Sect. 2(A)(4)(c).  His appeal would have been timely had it been filed in August 2007.

[2]  David captions his argument as "Effective Statutory Equitable Tolling." (Doc. 7, at 26.)  However, his arguments rely on statutory factors.  See generally id. at 26-28.  Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare.  Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005).

David invokes Section 2244(d)(1)(B), to argue that he was prevented by court appointed counsel from proceeding within the statutory time limits.  (Doc. 7, at 27.) Under Section 2244(d)(1)(B), the limitations period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).  Some courts have found that ineffective assistance of counsel was a state-created impediment where counsel failed to file a timely direct appeal in state court.  See, e.g., Waldron v. Jackson, 348 F.Supp.2d 877 (N.D. Ohio 2004).

However, the Sixth Circuit (and other courts) have found that "the state-created impediment must prevent the petitioner from filing a federal habeas action, not just a direct appeal in state court."  Baker v. Wilson, No. 5:06CV1547, 2009 WL 313325, at *8 (N.D. Ohio Feb. 6, 2009) (citing cases).  See also Johnson v. Florida Dep't Of Corr., 513 F.3d 1328, 1331 (11th Cir.), cert. denied, 129 S.Ct. 348 (2008) (failure of court-appointed counsel to file  promptly for post-conviction relief does not qualify as impediment); Winkfield v. Bagley, No. 02-3193, 2003 WL 21259699, at *4 (6th Cir. May 28, 2003), cert. denied, 540 U.S. 969 (2003) (no causal connection between counsel's ineffectiveness at state level, and petitioner's ability to file habeas petition); Liles v. Jeffries, No. 3:06 CV 1917, 2008 WL 4812122, at *4 (N.D. Ohio Oct. 30, 2008) (citing Winkfield); Humphrey v. Bradshaw, No. 1:05 CV 1583, 2007 WL 4287632, at *6 (N.D. Ohio Dec. 4, 2007) (citing Winkfield).

10

David's direct appeal was timely filed, but he failed to appeal that judgment to the state high court within the forty-five days allowed by state law.  Thus, his conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review," pursuant to 28 U.S.C. § 2244(d)(1)(A), and the one year limitation period began to run.  Although David filed a Rule 26(B) application to reopen, that is considered a collateral post-conviction procedure, as noted earlier, not part of his direct appeal.  Lopez, 426 F.3d at 351-352; Morgan, 104 Ohio St.3d 142, 818 N.E.2d 1157 (syllabus).

David argues that, had he been notified in a timely manner of the appellate court decision by his counsel, he would have filed his Rule 26(B) application within the ninety days required by state law.  (Doc. 7, at 3-4.)  David contends that, because appellate counsel failed to file a motion for reopening within the ninety day limit, his motion to reopen was denied on the ground that it was untimely.  Id. at 4. David cites White v. Schotten, 201 F.3d 743 (6th Cir. 2000), in support of his contention that this constituted ineffective assistance of counsel.  Id.  (The court notes that White has been overruled by Lopez, 426 F.3d at 352.)

While the court of appeals noted that David's Rule 26(B) application was untimely, doc. 6, RX 16, at 1-2, the court denied his motion on the merits, not on the basis of untimely filing, ruling that he had "not demonstrated a successful claim of ineffective assistance of appellate counsel," RX 16, at 8.  David did not file a timely appeal of this decision to the state high court.  Although he claims to have attempted to file a motion for leave to file a delayed appeal, the Supreme Court of

11

Ohio does not entertain delayed appeals of Rule 26(B) applications.  Scurlock v. Hurley, No. 2:04-CV-687, 2005 WL 1189831, at *4 (S.D. Ohio May 19, 2005); Ohio S.Ct.Prac.R. II, Sect. 2(A)(4)(c).

In any event, there is no constitutional right to assistance of counsel  in a Rule 26(B) proceeding.  Lopez,  426 F.3d at 352; see generally Johnson, 513 F.3d at 1331 (no constitutional right to post-conviction counsel).

David demonstrates no causal connection between counsel's alleged ineffectiveness at the  state level, and David's ability to file his habeas petition within the limitations period.  David is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B).

## B.  Tolling under Section 2244(d)(1)(D)

David also claims that tolling should apply because he "was unable to 'discover through the exercise of due diligence' the factual predicate of his claim until he was notified of the appellate court's decision."  (Doc. 7, at 28.)

Under 28 U.S.C. § 2244(d)(1)(D)[3], the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The limitations period under Section 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available."  Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).  Accord Townsend v. Lafler, No. 02-2151, 2004 WL

---

[3]  David mistakenly cites this section as "Sec. 2244(A)(1)."  (Doc. 7, at 28.)

1098757 (6th Cir. May 14, 2004), cert. denied, 543 U.S. 1062 (2005). Rather, the year "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Id. See also Earls v. Hernandez, 403 F.Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases).

Here, the first four grounds of the petition are not implicated. The factual predicate of the fifth ground, alleging ineffective assistance of appellate counsel, is the allegation that appellate counsel failed to inform petitioner of the decision in his direct appeal. (Doc. 1, petition, at [9]; see also doc. 6, RX 14, memorandum in support, at 1.) Instead, David learned of the appellate decision, through his own efforts, on Feb. 3, 2007. (Doc. 7, at 4.)

To benefit from Section 2244(d)(1)(D), the petition ordinarily must be filed within one year from the date of the discovery. Coldiron v. Timmerman-Cooper, No. 3:04cv7750, 2007 WL 1813201, at *4 (N.D. Ohio June 19, 2007) (citing DiCenzi v. Rose, 419 F.3d 493, 497-500 (6th Cir. 2005)); Mosley v. Petro, No. 5:04cv726, 2006 WL 2640958, at *5 (N.D. Ohio Sept. 13, 2006). Under this scenario, then, David's habeas petition would have been timely if it had been filed prior to Feb. 4, 2008.

However, David filed his application to reopen on May 7, 2007. (Doc. 6, RX 14.) This filing would toll the running of the Section 2244(d)(1)(D) limitations period, as long as the claim was pending. 28 U.S.C. § 2244(d)(2). On the date when he filed his application, 273 days of the habeas limitations period remained. The court denied his application to reopen on June 29, 2007 (doc. 6, RX 16), and thus the limitations period would have expired on March 29, 2008.

Because David did not learn of the state court decision until Feb. 3, 2007, the limitations period under Section  2244(d)(1)(D) applies, and had not yet expired when he filed his petition on March 15, 2008.

## IV.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent argues that all the claims of the petition are barred as procedurally defaulted.  (Doc. 6, at 24-25.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests

14

on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); see also Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

15

## A. Grounds One, Two, and Four

The first ground of the petition raises a double jeopardy claim based on what David characterizes as a "Multiplicity Indictment." The second ground alleges a due process witness-confrontation violation. The fourth ground alleges ineffective assistance of trial counsel. (Doc. 1, at [8]-[9].) In contrast, the assignments of error in David's direct appeal were 1) insufficiency of the evidence, 2) manifest weight of the evidence, and 3) prosecutorial misconduct. (Doc. 6, RX 11.)

David did not raise the claims in the first, second, and fourth grounds of the petition before the Ohio Court of Appeals on direct appeal. Because the claims were not raised, they are barred by the Ohio rule of res judicata. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). Res judicata would bar David from litigating an issue that could have been raised on direct appeal. Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

As to cause, David states that counsel did not inform him of the appellate ruling in time for him to file a timely appeal of that ruling. (Doc. 7, at 24.) He does not provide cause for his failure to include these claims on direct appeal.

The court notes that ineffective assistance of counsel can serve as cause to overcome procedural default. Smith v. Ohio Dept. of Rehab. and Corr., 463 F.3d 426, 432 (6th Cir. 2006) (citing Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004)). An ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Deitz, 391 F.3d at 809 (citing Edwards, 529 U.S. at 452).

Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals. Monzo v. Edwards, 281 F.3d 568, 577 (6th Cir. 2002). David raised the claims that his appellate counsel was ineffective for failing to raise (1) the issue of double jeopardy where he claims he received "four convictions and sentences for a single offense" (doc. 6, RX 14, at 3), and (2) an alleged confrontation clause violation (RX 14, at 6).

## 1. Double jeopardy

The state court found counsel was not ineffective, because there was no error in David's convictions. (Doc. 6, RX 16, at 6.) To prove an ineffectiveness claim, David would have to show that counsel's performance fell below an objective

17

standard of reasonableness and that his counsel's errors were so serious as to prejudice him.  See generally Strickland v. Washington, 466 U.S. 668 (1984); Monzo, 281 F.3d at 579.

David argues that counsel should have raised the issue that the trial court acted in violation of Ohio Rev. Code § 2941.25, which provides that where the same conduct by the defendant can be construed to constitute two offenses of similar import, the defendant may be convicted of only one.  (Doc. 6, RX 14, at 3 (citing Ohio Rev. Code § 2941.25(A).)  First of all, David fails to demonstrate how the state court decision was contrary to clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

In addition, Ohio courts have found that drug possession and drug trafficking are not "allied offenses of similar import," because the commission of one offense does not necessarily result in the commission of the other.  (Doc. 6, RX 16, at 6, citing State v. Johnson, 140 Ohio App.3d 385, 390, 747 N.E.2d 863, 867 (Ohio Ct. App. 2000).)  See also State v. Sanders, No. 2003-P-0072, 2004 WL 2376014, at *8 (Ohio Ct. App. Oct. 22, 2004) (following Johnson); see generally State v. Rance, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999) (syllabus, ¶ 1).  The state court's ruling appears to be in accord with Ohio law.  In any event, to the extent that the petition relies on a violation of the Ohio statute, it should not be granted.

The Double Jeopardy Clause of the Fifth Amendment protects a defendant from multiple punishments for the same offense.  Missouri v. Hunter, 459 U.S. 359,

18

366 (1982) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied . . . is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Here, because each offense under Ohio law requires an element which is not required to prove the other, there is no double jeopardy violation. Johnson, 140 Ohio App.3d at 390, 747 N.E.2d at 867. As such, counsel's failure to make the double jeopardy argument could not have prejudiced David. See generally doc. 6, RX 16, at 6. See also Davie v. Mitchell, 547 F.3d 297, 312 (6th Cir. 2008), cert. denied, --- S.Ct. ---, 2009 WL 2761630  (Nov. 2, 2009) (if underlying claims have no merit, counsel cannot be ineffective for failing to raise those claims on appeal).

The appellate court's application of Strickland was not unreasonable. David has failed to show that the decision of the Ohio Court of Appeals was  contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.

### 2. Hearsay and Confrontation

The state court also rejected David's argument that trial counsel was ineffective for failing to object to certain trial testimony, and for failing to call a certain witness. See generally doc. 6, RX 14, at 6-8; and RX 16, at 6-8.

The state court of appeals addressed the issue as follows:

Specifically, David argues trial counsel should have objected to Special Agent #62's testimony that "Mr. Newsome stated that Mr. David funded $870.00 for the purchase of anhydrous ammonia."  David argues that this statement violated the Confrontation Clause to the United States Constitution and the hearsay rules.

This statement from Newsome introduced through Special Agent #62's testimony is a hearsay statement.  It is an out-of-court statement offered to prove the truth of the matter asserted.  In addition, the statement also raised Confrontation Clause issues.

"Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law – as does [Ohio v. Roberts, 448 U.S. 56 (1980)] and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether.  Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required:  unavailability and a prior opportunity for cross-examination."  [State v. Stahl, 111 Ohio St.3d 186, 190, 855 N.E.2d 834, 839 (2006) (quoting Crawford v. Washington, 541 U.S. 36, 68 (2004)).]

David's trial counsel should have objected to this statement.  However, turning to the second prong of the ineffective assistance of counsel inquiry, we cannot say the results of the trial would have been different if there was an objection.

First, the remainder of Special Agent #62's testimony needs to be reviewed.  During the same answer in which he related the inadmissible statement from Newsome, the agent testified "Mr. David denies ever funding the $870.00 for the anhydrous ammonia."  Thus, his testimony acknowledged it was disputed as to who funded the money for the anhydrous ammonia purchase.  This qualification made the admission of the hearsay statement less prejudicial.

Even without the statement, there was still evidence that Newsome provided money to Great Lakes Oxygen.  Mike Hamilton, an employee at Great Lakes Oxygen, testified that Newsome gave him the money.  Due to theories of accomplice liability, since Newsome and David were in David's vehicle during their joint trip to Great Lakes Oxygen, where the money originated was not the determinative issue in this matter.

20

> Moreover, at the time of his arrest, there were two 150 pound tanks of anhydrous ammonia in the back of David's truck.  Further, there was a box with 132.21 grams of methamphetamine behind the driver's seat, where David was seated; there was a pseudoephedrine bottle in the center console, containing five, individually packaged, one-half gram unties of methamphetamine; and there were other items in the truck associated with methamphetamine trafficking, including:  ball valves, lithium batteries, and a digital scale.  Finally, David admitted to authorities that he used methamphetamine.  In light of this overwhelming evidence of David's guilt on the underlying offenses, we cannot say the results of the trial would have been different if the [hearsay] statement had not been in evidence.

(Doc. 6, RX 16, at 6-8, footnotes omitted.)  The court found that David had not demonstrated a successful claim of ineffective assistance of appellate counsel.  Id. at 8.

Again, this court finds that the state court's application of Strickland was not unreasonable.  The court found that counsel should have raised an objection, but found his failure to do so did not prejudice David, in light of the totality of the evidence at trial.  David has failed to show that the decision of the Ohio Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.

Because the state court found there was no ineffective assistance of appellate counsel, and the court finds these rulings are not an unreasonable application of federal law, the alleged ineffective assistance cannot serve as cause to overcome the procedural default of grounds one, two, and four.  Because David has not shown cause, it is unnecessary to consider the issue of prejudice.  Murray, 477 U.S. at 494;

Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claims.  Lott, 261 F.3d at 611-612.  The claims in grounds one, two, and four are barred as procedurally defaulted.

### B.  Grounds Three and Five

The third and fifth grounds of the petition concern the ineffective assistance of appellate counsel.  The third ground concerns the trial court's appointment of David's trial counsel to be his counsel on appeal as well.  The fifth ground alleges ineffective assistance of appellate counsel in counsel's failure to notify David of the results of his direct appeal, his failure "to raise obvious issues sufficient to warrant a reversal based on the trial court's substantial violations," and the failure to inform the court of the conflict created by his continued representation.  (Doc. 1, at [8]-[9].)

Claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals.  Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B).  Such a motion must be filed in the court of appeals within 90 days of the appellate judgment.  State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).  Although David did not file his

22

motion in a timely manner, the court of appeals considered on the merits the arguments he raised in his application to reopen.  (Doc. 6, RX 16, at 1-2.)

David did raise the third ground of his habeas petition, and a portion of the fifth ground, as his fourth assignment of error, arguing that there was an inherent conflict created by the appointment of his trial counsel to be appellate counsel as well.  (Doc. 6, RX 14, at 9.)  David did not raise counsel's failure to notify him of the results of his direct appeal as an assignment of error, although he mentioned it as a reason that his motion was untimely.

However, after the court of appeals rejected his arguments, David did not present these issues to the Ohio Supreme Court for timely review.  Thus, under state law, they were waived, and are considered procedurally defaulted in habeas.  See Rust, 17 F.3d at 160 (highest court in state must be given full and fair opportunity to rule on claims).  As noted earlier, the Supreme Court of Ohio will not entertain a delayed appeal of a Rule 26(B) application.  Scurlock, 2005 WL 1189831, at *4; Ohio S.Ct.Prac.R. II, Sect. 2(A)(4)(c).

The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review.  Smith, 463 F.3d at 431-432 (appellant failed to comply with Ohio Supreme Court Rules by not filing appeal within period set forth by those rules); Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam), cert. denied, 543 U.S. 989 (2004); Scurlock, 2005 WL 1189831, at *4.  Such a procedural default is "an adequate and independent ground

on which the state can rely to foreclose review of his federal constitutional claims."
Shabazz, 1998 WL 384559, at *1; Scurlock, 2005 WL 1189831, at *4.

When a petitioner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Bonilla, 370 F.3d at 497; Buell, 274 F.3d at 348.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.  Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488).  David does not demonstrate cause for his failure to file a timely appeal of the denial of his Rule 26(B) application.[4]  See generally doc. 7, at 24-25.

Because David has not shown cause, it is unnecessary to consider the issue of prejudice.  Murray, 477 U.S. at 494; Shabazz, 1998 WL 384559, at *1.  Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claims.  Lott, 261 F.3d at 611-612.

The claims of grounds three and five have been procedurally defaulted.

---

[4]  David argues that Rule 26(B), and related motions for delayed appeal, cannot serve as a procedural bar, because it is not a regularly followed.  (Doc. 7, at 24.) The Sixth Circuit has rejected that argument.  See, e.g., Monzo, 281 F.3d at 578.

## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.  The first, second, and fourth grounds of the petition were procedurally defaulted because they were not raised on direct appeal.  The third and fifth grounds were procedurally defaulted because David failed to timely present the claims to the Supreme Court of Ohio for review.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:   Nov. 19, 2009                    /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

25