UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARC DAVID,** | ) | **CASE NO.  1:08CV1116** |
| | ) | |
| PETITIONER, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **RICH GANSHEIMER,** | ) | **MEMORANDUM OPINION** |
| Warden, | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court upon Petitioner's Objections to the Magistrate Judge's Report and Recommendation.  (Dkt. # 15).

On May 2, 2008, Petitioner filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Dkt. # 1).  On June 11, 2008, this case was referred to Magistrate Judge Kenneth S. McHargh for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.2.  On August 4, 2008, Respondent filed a Return of Writ arguing, *inter alia*, that Petitioner's grounds for relief were barred as procedurally defaulted.  (Dkt. # 6).

On November 19, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Petitioner's Writ of Habeas Corpus be denied because all five of Petitioner's claims were procedurally defaulted.  (Dkt. # 13).  On December 2, 2009, Petitioner filed a Motion for Extension of Time to File Objections. (Dkt. # 14).  The Court granted Petitioner's Motion and gave Petitioner until December

1

29, 2009, to file Objections to the R&R. (Dkt. # 14). On December 28, 2009, Petitioner timely filed his Objections to the R&R. (Dkt. # 15). On January 12, 2010, Petitioner filed a Notice of Supplemental Authorities. (Dkt. #16).

## I. PETITIONER'S OBJECTIONS

In his R&R, the Magistrate Judge found that the first, second, and fourth grounds of the Petition were procedurally defaulted because they were not raised on direct appeal, and that the third and fifth grounds of the Petition were procedurally defaulted because Petitioner failed to timely present the claims to the Supreme Court of Ohio for further review. (Dkt. # 13 at 25). In his objections to the R&R, Petitioner argues that the statute of limitations should be tolled for the following reasons.

### A. State-created Impediment

Petitioner first contends that the statute of limitations should be tolled because his state-appointed attorney did not provide him notice of the decision of the state court of appeals. Petitioner states in his Objections to the R&R: "Petitioner respectfully objects to the Magistrate Judge Report and Recommendation ("R&R") on the basis of *state created impediment* based on failure to notify this petitioner who is incarcerated person of the decision of the state court of appeals by the clerk of court of appeals and court appointed counsel for petitioner." (Dkt. # 15 at 1).

Petitioner raised this argument in his Traverse to Return of Writ. (Dkt. # 7 at 27). The Magistrate judge rejected Petitioner's argument and found that Petitioner did not demonstrate a "causal connection between counsel's alleged ineffectiveness at the state level, and David's ability to file his habeas petition within the limitations period." (Dkt.

2

# 13 at 12).  The Court has reviewed the Magistrate Judge's analysis and finds that it is well-founded.

### B. Actual Innocence

Petitioner next contends that the statute of limitations should be tolled because he has made a showing of actual innocence.  The Sixth Circuit has stated that it is appropriate for a court to equitably toll the statute of limitations period based on a credible showing of actual innocence.  Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005).  In order to make this showing, a petitioner whose habeas claims are time-barred will be entitled to argue the merits of those claims if he can demonstrate—using new, reliable evidence not presented at trial—that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Id. at 590, 602 (citing Schulp v. Delo, 513 U.S. 298, 327 (1995)).

Petitioner has not presented any new, reliable evidence not available at trial that makes it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.  In fact, Petitioner has not offered any evidence to support his conclusory assertion of actual innocence.  Based upon its review of the record and the applicable case law, the Court finds that Petitioner's arguments are without merit.

## II. CONCLUSION

The Court has reviewed the remaining arguments contained within Petitioner's Objections to the R&R and finds that they are without merit.  In addition, the Court has reviewed the R&R of the Magistrate Judge *de novo*, and finds that it is well-supported.

Therefore, the R&R of Magistrate Judge McHargh is hereby **ADOPTED**. (Dkt. # 18) Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**. (Dkt. # 1).

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus – April 27, 2010**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**